## GOLDBERG et al. v. COSTUMA et al.

(Supreme Court, Appellate Term.  January 5, 1912.)

1. CONTRACTS (§ 10*)—REQUISITES—MUTUALITY.

A written contract, by which defendants agreed to appoint plaintiffs salesmen in a certain territory and to pay them commissions on all goods sold in that territory, is defective, because lacking mutuality; there being no promise on the part of plaintiffs.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

2. PRINCIPAL AND AGENT (§ 89*)—ACTIONS—PLEADING—PROOF.

Where plaintiffs alleged that they were hired under a joint contract as salesmen in a certain territory, proof that only one of them had ever been in that territory or attempted to sell goods was insufficient to authorize a recovery.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 229–239; Dec. Dig. § 89.*]

Appeal from City Court of New York, Trial Term.

Action by Sam Goldberg and another against Samuel H. Costuma and another.  From a judgment for defendants, and an order denying their motion for new trial, plaintiffs appeal.  Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Samuel D. Lasky, for appellants.
Solon B. Lilienstern, for respondents.

LEHMAN, J. The plaintiffs allege in their complaint that on or about the 4th day of January plaintiffs and defendants entered into an agreement by the terms of which the defendants hired and employed the plaintiffs as salesmen in certain states and cities, and agreed to pay the plaintiffs a commission on all goods shipped and paid for in said territory, and also a like commission "on all goods shipped and paid for by the accounts procured by the plaintiffs in any other state"; that these plaintiffs then and there accepted such hiring and employment, and entered upon the performance thereof, and continued therein for and during the term above set forth, and in all things fully performed said agreement on their part to be performed. The defendants admit all these allegations, except the performance by the plaintiffs. The parties are therefore agreed that the plaintiffs were hired as salesmen in a certain territory, and the issue is narrowed down to the question of performance. Upon this issue the trial justice has found that the plaintiffs have failed to make out a prima facie case.

[1] At the trial the plaintiffs introduced in evidence a written instrument by which the defendants agreed to give the plaintiffs a certain territory and to pay them commissions as alleged in the complaint. On the other hand, the plaintiffs did not in terms agree to do anything. On its face, therefore, the contract lacks mutuality. Since the plaintiffs have agreed to do nothing, it is quite impossible to say that they have performed this contract, or that they are entitled to any payment thereunder, unless we read into the contract some implied obligation on their part. Commercial Wood & Cement Co. v. Northampton Portland Cement Co., 115 App. Div. 388, 100 N. Y. Supp. 960.

[2] The plaintiffs apparently interpret the contract as requiring simply that one of them must enter into the said territory as a salesman carrying the defendants' goods, for their proof is that during the year one of the plaintiffs never entered the territory where they were to act as salesmen, and the other made three trips there during the year, remaining a total of 17 weeks; but he concedes that on these trips he also carried goods for other business houses, and sold ladies' dresses for these houses as well as for the defendants. Upon this proof I think that the complaint was correctly dismissed. Whether or not the contract should be construed as calling for the exclusive services of the plaintiffs, or for their best endeavors, need not be decided upon this appeal. The plaintiffs have alleged and brought suit upon the allegation that they were hired under a joint contract as salesmen in a certain territory, and they have shown that one of them never acted as salesman in that district, but was during the entire period employed and acting as indoor salesman for another firm. Obviously, therefore, the plaintiffs have failed to show that they have performed their joint duties as salesmen, and though,

perhaps, the defendants may be liable on a quantum meruit for commissions on goods actually sold by one of the plaintiffs, they are not liable upon the contract alleged in the complaint and shown at the trial.

Judgment should be affirmed, with costs. All concur.